CAVANAUGH v. BLAUM

———

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)

———

Daniel Wendling and E. M. Stafford, of New Orleans, attorneys for plaintiff, appellant.

E. R. Mabry and St. Clair Adams, of New Orleans, attorneys for defendant, appellee.

BOATNER, Judge ad hoc. This is a suit by James Cavanaugh, father of the minor, William Cavanaugh, claiming damages for personal injuries to his son, al-

leged to be due to the negligent operation of the defendant's automobile. The defendant denies all charges of negligence, and avers that the accident was entirely due to the fault of the child, in that he ran into the side of his automobile.

All the witnesses agree that the plaintiff's son came in collision with the automobile driven by the defendant in a city street near the middle of a block, and that the boy struck the automobile at the side of the left front fender, and as he fell alongside the automobile its left rear wheel ran over one of his legs, and the preponderance of the proof is that the boy, leaving the banquette, suddenly ran upon and across the roadway into the automobile, which was being driven slowly along the other side of the street. The roadway is but 24 feet wide. For the boy to go the short distance from the edge of the banquette to the side of the car required but an instant of time. As soon as the defendant realized that the collision had occurred, he applied his brakes, and the automobile stopped just 5 feet beyond where the boy lay on the pavement. Near the place of the accident there is a school, and at the time the children, including the plaintiff's son, were coming out for their noon recess. It is true, of course, that such a situation imposes on the driver of an automobile very great caution; but it was noon, the defendant's speed was slow, he was on the right side of the street, he had no reason to anticipate that the boy would run into his automobile from across the street, and after he became aware that the accident was imminent there was nothing he could do to avert it. These facts acquit the defendant of negligence.

The case was tried below before a jury, which brought in a verdict for the defendant. We agree with the jury, and the judgment appealed from is affirmed.