ALVINA DRACHENBERG, ADMINISTRATRIX AD PROSE-QUENDUM OF THE ESTATE OF CHARLES DRACHEN-BERG, DECEASED, APPELLANT, v. M. & M. TRUCKING AND FORWARDING COMPANY, INCORPORATED, RE-SPONDENT.

Submitted January term, 1931—Decided August 12, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the appellant, *Archie Elkins.*

For the respondent, *Edward H. Backes* (*William B. Stites,* of counsel).

PER CURIAM.

This is an appeal by the plaintiff from a judgment in favor of the defendant in the Hudson Circuit Court. At the conclusion of the entire case on the trial, a verdict was directed for the defendant. To this direction an exception was taken and the action of the court is the basis of the present appeal.

The suit was to recover damages for the death of a five-year-old boy who was run over by a trailer drawn by the

defendant's truck, and the case made by the plaintiff developed little more than that an accident had happened in which the boy was killed. An effort was made to show that the boy was standing on the sidewalk and that the body of the trailer extended over onto the sidewalk and caught the boy. The trial judge deeming that this effort had failed, directed the verdict.

Two persons were called who claimed to have seen the accident, Cashin, a policeman, who testified that he saw the truck proceeding along Baldwin avenue; that he heard a scream and then say the rear wheel of the trailer run over the boy; that the boy was picked up about one and one-half feet away from the curb, his feet being nearest the curb and his body farther out; that when he heard the scream was when he saw the boy's body being run over; that he had seen boys on the sidewalk before the accident; that the truck was coming about five miles an hour, and that he saw the boy under the wheel but did not know where he came from. The other witness, Jennie Pagano, who was on her doorstep across the street and five doors below the place of the accident, first testified that the boy was on the curb when struck but later admitted that she did not see him struck, did not know where he was when struck, did not even know whether the deceased boy was one of the boys who had been on the sidewalk. The testimony of the defendant was to the effect that the boy was riding on the trailer.

In this state of the evidence we think the learned trial judge was right. The only possible element of negligence would be in some way finding that the overhang of the trailer had extended beyond the curb line onto the sidewalk and caught the boy in that position. The officer's testimony would indicate that the boy was out in the street when struck. The woman's testimony was of such uncertain character that no inference could be drawn from it as to the position of the boy or the trailer before the accident, or indeed that she had seen this boy on the sidewalk at any time.

The judgment is affirmed, with costs.