83 P.2d 980

## HAIRE v. BROOKS.

### No. 4409.

Supreme Court of New Mexico.

Oct. 27, 1938.

J. B. Newell, of Las Cruces, for appellant.

W. C. Whatley, of Las Cruces, for appellee.

BRICE, Justice.

This is an action to recover damages for the alleged negligent killing of appellant's intestate by defendant, in the operation of his automobile on a public highway in this state.

 At the conclusion of appellant's testimony the court sustained a motion of the appellee for an instructed verdict in his favor. This motion called for a declaration of law, viz.: Considering the

testimony of plaintiff, together with all reasonable inferences that could be drawn therefrom, in a light most favorable to him; had he made a case that would support a judgment? Silva v. Waldie, 42 N.M. 514, 82 P.2d 282.

The facts and inferences so considered are as follows: The deceased was a child of five years of age, intelligent and in good health and large for his age. The highway, at the point where he was struck by appellee's automobile, was paved and at each side of the pavement there was a margin of crushed stone. From this crushed stone there was a gradual stope to the outer edge of the borrow pit, a distance of about thirty feet. Vehicles could travel without inconvenience or danger to the outer edge of the borrow pit. The deceased was riding on a wagon loaded with rock, drawn by horses, going north on the right side of the road. When the wagon on which deceased was riding came opposite to his home the appellee was in an automobile going south, approaching the same place. When the automobile was within about three feet of a point opposite the horses' heads the child swung from the rear end of the wagon, intending to cross the highway to his home. At the time he reached the ground the automobile was approximately twenty-eight feet from him. He stopped momentarily, then started to cross the road in front of the automobile, holding up his hand, apparently as a warning to the driver, was struck by the left side of appellee's car, received wounds, from the effects of which he died shortly after. The car was travelling at thirty miles an hour, which is forty-four feet per second. As the automobile was apparently near the center of the road (at which place the child was afterwards picked up), the distance traversed by him before he was struck was only three or four feet. Measured in time, he was approximately two-thirds of a second from the automobile at the time he came from behind the wagon so he could have been seen by appellee. We are of the opinion that this short notice of the child's attempt to cross the road in front of appellee's car (little more than half a second within which to act in such an emergency) was too short a time to save the child by any reasonable means open to appellee.

There is evidence that the brakes on appellee's car were practically worthless; but the same witness testified that if the brakes had been in the best of condition appellee could not have stopped the car within less than forty-five feet, which could not have saved the child's life. As appellee stopped his car within fifty-five feet, the brakes must not have been wholly ineffective.

We are of the opinion that all reasonable minds would conclude that, under the facts we have stated, no amount of care used by appellee (even though the brakes on his car were of statutory efficiency) could have saved the child from death.

While the defendant was negligent in operating his automobile without proper

brakes, in violation of the statutes of New Mexico, it is clear that the proximate cause of the accident was not this negligence, but the fact that the child came from behind the wagon where he could not have been seen by appellee, and suddenly appeared in front of the automobile, without time or opportunity for appellee to prevent the disaster. Caviness v. Driscoll Construction Co., 39 N. M. 441, 49 P.2d 251; Drachenberg v. M. & M. Trucking & Forwarding Co., Inc., 156 A. 21, 9 N.J.Misc. 895; R. & L. Transfer Co. et al. v. State, 160 Md. 222, 153 A. 87; Cavanaugh v. Blaum, 12 La.App. 173, 125 So. 160; Stover v. Stovall, 103 Fla. 284, 285, 137 So. 249.

The judgment of the district court should be affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.