349 P.2d 1047

**Oswald W. BUTTON, Plaintiff-Appellant,**

**v.**

**Richard T. METZ, Defendant-Appellee.**

**No. 6645.**

Supreme Court of New Mexico.

March 3, 1960.

Adams & Foley, Fred M. Calkins, Jr., Albuquerque, for appellant.

Schall & Sceresse, Albuquerque, for appellee.

COMPTON, Justice.

This is an action for damages, the complaint alleging that appellee was negligent in backing his automobile into appellant, thereby injuring him. Appellee's answer generally denied any negligence on his part and pleaded contributory negligence, assumption of risk and unavoidable accident as affirmative defenses.

The cause was tried before a jury and, at the close of appellant's case, appellee moved

for dismissal and for a directed verdict in his favor. The trial court granted this motion and directed the jury to return a verdict for the appellee.

On the date of appellant's injury, he and appellee, both members of the military service, had attended an instructional class at Sandia Base. At the termination of the day's session, both parties left the classroom and started toward an adjacent parking area. Appellant left the classroom in the company of a Lieutenant Lambert. A large number of other persons, more than one hundred according to the testimony, were converging on the parking area at approximately the same time.

The parking area contained a number of concrete parking dividers between which cars parked at angles back to back, however, the distance between the rear bumpers of cars thus parked was adequate to allow a car to back out and proceed to the exit.

On the date in question, appellant's car and appellee's car were parked against the divider facing in a southwesterly direction and parallel to each other, but appellant's car was parked north of appellee's car. Apparently there were other cars parked between. It is uncontroverted that there were other cars parked in the area at the time of the accident.

After appellant and Lieutenant Lambert entered the parking area, they walked together until they reached the lane in which their cars were located. Lieutenant Lambert walked down the concrete divider to his car while appellant walked toward his car between the rear bumpers of the vehicles parked against opposite dividers.

In point of time, appellee reached his automobile first and had started his motor to allow his vehicle to warm up before driving away. Appellant did not see appellee in his car, perhaps because the car parked to the south of appellee's car obscured his vision. As appellant walked behind appellee's car, he was struck on the left side of his leg by the bumper of appellee's vehicle which backed into him.

Appellee, called as an adverse witness by appellant, testified that prior to backing up his car he looked to the right and into his rear view mirror, but that he did not honk his horn or give any other warning signal before commencing to move or while backing up.

At the close of appellant's evidence, upon motion of appellee, the trial court directed the jury to find for appellee, stating that "plaintiff has not carried the burden of proof and has not proven his case by a preponderance of the evidence and has not proven any negligence on the part of the defendant in this case." The trial court's remarks were also to the effect that appellant was guilty of contributory negligence as a matter of law.

In disposing of a motion for a directed verdict at the conclusion of the

plaintiff's testimony, the first question to be resolved is whether the plaintiff has made out a prima facie case of negligence against the defendant, not whether he has proved negligence by a preponderance of the evidence. And in resolving this issue, all evidence and all reasonable inferences therefrom which tend to prove the plaintiff's case of primary negligence against the defendant must be accepted as true. All evidence which tends to weaken or disprove it must be disregarded. Ferris v. Thomas Drilling Co., 62 N.M. 283, 309 P.2d 225; Smith v. Ferguson Trucking Co., 58 N.M. 779, 276 P.2d 911; Thompson v. Dale, 59 N.M. 290, 283 P.2d 623.

Reviewing the evidence in the light of this well established rule of law, we find that appellee readily admitted that he had not honked his horn or given any other warning signal before proceeding to back up his car or while he was in the process of backing. He testified that he knew there might be pedestrians in the area, but that he gave no warning signal because he thought there was no one behind him at the time he started to back up.

We believe the proof offered was sufficient to make the issue of appellee's negligence one for the jury. A motorist must exercise care commensurate with the situation confronting him. Williams v. Neff, 64 N.M. 182, 326 P.2d 1073. In the case of Hicks v. De Luxe Cab Co., Mo. App., 189 S.W.2d 152, the court stated that in undertaking to back an automobile at a place where the presence of other people may be anticipated, a driver has the duty, both before he begins to back, as well as while he is backing, to keep a lookout toward the rear and to give a signal of his intention to back where a reasonable necessity to give such warning exists. Taulborg v. Andresen, 119 Neb. 273, 228 N.W. 528, 67 A.L.R. 642; Messick v. Barham, 194 Va. 382, 73 S.E.2d 530; Baumann v. Hutchinson, 124 Neb. 188, 245 N.W. 596.

Reasonable men might well conclude that under the facts of this case the failure to give any warning signal was negligence on the part of appellee. Further, the evidence establishes that during at least a part of the time appellee was backing his vehicle, he was looking at his right front fender rather than in his rear view mirror to see if anyone was behind his automobile.

We feel that reasonable minds might differ on whether or not appellee exercised the degree of alertness and caution required in backing a car out of a relatively crowded parking lot. Prosser on Torts, pp. 191–192, states the principle thusly: "Once it is determined that reasonable men may differ as to whether a fact has been proved, the probative value of the evidence, and the conclusion to be drawn from it, lies in the hands of the jury." Taulborg v. Andresen, 119 Neb. 273, 228 N.W. 528, 67 A.L.R. 642 and cases cited. Also see Annotation 118 A.L.R., page 247. Such being the case, it

was error for the court to direct the jury to find that appellee was not guilty of negligence.

■ Having decided that the issue of appellee's negligence was properly for the jury, we come to the question of whether the court erred in determining that appellant was guilty of contributory negligence as a matter of law. Again the rule of law is to the effect that only when reasonable minds cannot differ on the question and readily reach the conclusion that the plaintiff was contributorily negligent, and that his negligence proximately contributed with that of the defendant in causing the injury, that the issue of contributory negligence may be determined as a matter of law. Sandoval v. Brown, 66 N.M. 235, 346 P.2d 551; Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507.

Appellant's pertinent testimony as to his actions after he entered the parking lane is as follows:

"Q. As you walked toward your car, that is, after you had entered the lane and as you were walking toward your car, what direction or directions were you looking? A. Well, I was looking to my left and looking to my right, I was watching specifically for any movement of a car because this was something that you always have to do there.

*   *   *   *   *   *

"A. I was looking to the left and to the right as I walked towards my car, this was something that we always had to do there because really there isn't a lot of space left open when the cars are parked diagonally on both sides.

"Q. About how much space would you say there was between the cars where you were walking to go to your car? A. Well, I would say about seven or eight feet between the bumpers of the two cars, opposite each other.

"Q. Now approximately how far did you have to walk after you entered the south end of this lane to the place where your car was parked? A. I can only estimate approximately twenty feet but I am not for sure."

■■ Appellant's testimony then is that he looked to the right and left for the movement of any vehicle as he walked toward his car. Simply because he was struck by a vehicle does not mean that he was guilty of contributory negligence as a matter of law. Hicks v. De Luxe Cab Co., supra. Nor does the mere fact that he walked behind the rows of parked cars establish his negligence as a matter of law. According to appellant's evidence, the concrete dividers were rather narrow, and in some instances the front bumpers of cars parked opposite each other extended over the curb and almost touched. So walking

down a divider under such circumstances might also prove to be hazardous.

On the record before us, we think the question of appellant's contributory negligence should have been left to the jury, and it might reasonably find either way under the evidence in this case.

The judgment is reversed and the cause remanded with directions to grant appellant a new trial. It Is So Ordered.

McGHEE, C. J., CARMODY and MOISE, JJ., and FRANK B. ZINN, D. J., concur.