357 P.2d 664

Servando GUTIERREZ, Plaintiff-Appellant,

v.

VALLEY IRRIGATION AND LIVESTOCK
COMPANY, Inc., Defendant-Appellee.

No. 6708.

Supreme Court of New Mexico.

Dec. 2, 1960.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, L. O. Campbell, Albuquerque, for appellant.

Hannett, Hannett & Cornish, Albuquerque, for appellee.

COMPTON, Chief Justice.

Appellant, plaintiff below, sought damages for personal injuries which he suffered while in the employ of appellee, defendant below. At the close of the plaintiff's case, the trial court sustained the defendant's motion for a directed verdict against the plaintiff and entered judgment dismissing his complaint. From this ruling, the plaintiff has appealed.

The plaintiff's duties at the time of his injuries consisted in part of driving a tractor which was owned and furnished by the defendant in the spreading of fertilizer. Actually, there were three tractors being used on the job, and Celedon Lopez was the driver of the loader tractor which had a power takeoff attachment, and plaintiff and Joe Lopez were drivers of the other two in doing the actual spreading.

On the occasion of his injury, the plaintiff, after having spread a load of fertilizer, had returned for another load, stopping his tractor some 20 feet from and to the rear of the loader tractor which Celedon Lopez had stopped due to overheating; nevertheless, he left the power takeoff running.

The foregoing fact having been called to the plaintiff's attention by Joe Lopez, the plaintiff left his tractor and went to the Celedon Lopez tractor to tell him to turn it off. Celedon Lopez was sitting on his tractor facing an opposite direction with the tractor motor and takeoff running.

Plaintiff first tried to speak to Celedon Lopez, but due to the noise he was unable to make himself heard. The plaintiff then walked over and tapped Lopez on the back to attract his attention and, in so doing, he permitted his arm to come down onto the unguarded power takeoff mechanism, resulting in the alleged injuries.

The complaint alleged that the defendant had negligently failed to provide a shield or guard for the power takeoff or the bar connected thereto, and that as a result of this failure the plaintiff's body was caught in the power takeoff or extension, thereby causing severe injuries. In its answer the defendant denied the allegations as to its negligence and set up the following affirmative defenses: that the plaintiff had left his employment at the time of the accident; that he was contributorily negligent; and that he had assumed the risk.

Little has been said in the briefs concerning the defendant's primary negligence. The alleged failure of the plaintiff to make out a prima facie case of primary negligence was only one basis of defendant's motion to dismiss and the court sustained the motion on all grounds.

█ Accordingly, this court must determine whether the evidence, viewed in the light most favorable to the plaintiff, together with all reasonable inferences to be drawn therefrom, was sufficient to take the case to the jury for a factual determination of the following issues: whether the defendant was negligent; whether the plaintiff was within the course of his employment when injured; whether the plaintiff had assumed the risk of injury; and whether the plaintiff was contributorily negligent.

█ On the question of defendant's primary negligence in failing to provide the plaintiff with a safe place to work, we believe there was sufficient evidence to take the case to the jury. Certainly there was probative evidence that the power takeoff was not fully covered by a shield. Thompson v. Dale, 59 N.M. 290, 283 P.2d 623; Maestas v. Alameda Cattle Co., 36 N.M. 323, 14 P.2d 733. See Button v. Metz, 66 N.M. 485, 349 P.2d 1047.

Looking next at the question relative to course of employment, we find that in Childers v. Southern Pacific Co., 20 N.M. 366, 149 P. 307, 308, this court quoted with approval the following rule which appears in Mechem on Agency, 2d ed., § 1960:

"But in general terms it may be said that an act is within the 'course of employment' if (1) it be something fairly and naturally incident to the business, and if (2) it be done while the servant was engaged upon the master's business and be done, although mistakenly or illadvisedly, with a view to further the master's interests, or from some impulse of emotion which naturally grew

out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account."

Applying this rule to the facts in this case, it will be observed that the plaintiff testified that a fellow employee told him that Celedon Lopez had stopped his tractor in order to allow the pump and oil to cool off. The plaintiff further testified that he observed that the power takeoff on the Celedon Lopez tractor was still running and that he went over to tell him to turn it off.

■■ Bearing in mind the principle that "the evidence must be viewed in the light most favorable to the plaintiff, indulging in his favor every legitimate inference that may be drawn therefrom and ignoring conflicts in the evidence unfavorable to him." Thompson v. Dale, supra, [59 N.M. 290, 283 P.2d 630] we believe it was proper for the jury to determine whether the plaintiff had departed from his course of employment at the time of his injury.

In our opinion a legitimate inference can be drawn that the plaintiff went to tell his fellow employee to shut down the power takeoff in order to further the employer's business. To allow the power takeoff to continue running when there was no necessity therefor clearly would be wasteful and perhaps detrimental to the equipment.

Reasonable men might well differ on whether the action of the plaintiff was something fairly and naturally incident to the employer's business.

The next question is whether the trial court erred in ruling as a matter of law that the plaintiff assumed the risk of injury.

■ It is well settled in this jurisdiction that an employee assumes the ordinary risks of employment, but does not assume extraordinary risks, such as unguarded machinery, unless he knows, or should have known, and appreciated the danger. Maestas v. Alameda Cattle Co., supra; Singer v. Swartz, 22 N.M. 84, 159 P. 745; Leyba v. Albuquerque & Cerrillos Coal Co., 22 N.M. 455, 164 P. 823; Van Kirk v. Butler, 19 N.M. 597, 145 P. 129; Padilla v. Winsor, 67 N.M. 267, 354 P.2d 740.

The following appears in 3 Labatt, Master and Servant, § 1179:

"It follows that assumption of an extraordinary risk cannot be predicated, as a matter of law, where there is no evidence going to show that the servant understood, or ought to have understood, that risk, or where the evidence actually produced is fairly susceptible of the construction that he did not understand it."

■ The plaintiff testified that prior to the accident he did not comprehend the

danger. Certainly then the evidence is fairly susceptible of the construction that he actually did not understand it. We cannot say that the risk was so obvious that he must have comprehended it. See 4 Labatt, Master and Servant, § 1313. Thus we do not believe that the trial court was warranted in ruling on this affirmative defense as a matter of law. The jury should have been allowed to decide this question. Thompson v. Dale, supra.

■ Much of what we have previously stated also applies to the issue of contributory negligence. This court has repeatedly held that where reasonable minds might differ on the issue of contributory negligence, then it is for the jury to make this fact determination. Button v. Metz, supra; Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712; Thompson v. Dale, supra; Padilla v. Winsor, supra.

■ The evidence in this case discloses that the plaintiff walked to the loader tractor, tapped the operator on the back and then apparently dropped his hand. At this point his body became caught in the unguarded power takeoff shaft. We believe reasonable minds could well differ as to whether the plaintiff's actions were negligent. In view of this, the jury should have been permitted to pass on this question.

The judgment is reversed and the cause remanded to the trial court to reinstate the case on the docket and proceed in accordance with the views expressed herein.

It is so ordered.

CARMODY, MOISE and CHAVEZ, JJ., concur.

NOBLE, J., not participating.