468 P.2d 618

Frank GREENOUGH and "Jane Doe" Greenough, his wife, Appellants,

v.

Max A. REID, Appellee.

No. 2 CA–CIV 770.

Court of Appeals of Arizona, Division 2.

May 4, 1970.

Rehearing Denied June 4, 1970.

Review Denied June 23, 1970.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellants.

Price, Tinney, Lindberg & Gianas, by John Lindberg, Tucson, for appellee.

HOWARD, Chief Judge.

The defendants-employers Greenough appeal from a jury verdict granting to the plaintiff-appellee a verdict for personal injuries sustained while operating a tractor.

The principal question raised by this appeal is, namely: Was there sufficient evidence from which a jury could determine that the plaintiff was injured while acting within the scope of his employment?

Considering the evidence most strongly in favor of sustaining the jury's verdict and the trial court's judgment, the facts are as follows:

The plaintiff was employed as a ranch hand to do odd jobs about the ranch. This employment commenced in early June 1966 following plaintiff's discharge from the Air Force. Plaintiff was then 24 years of age and married. Defendants started to pay plaintiff as an employee almost as soon as he got there in June and this employment of the plaintiff by the defendants would continue until plaintiff got something else to do or obtained permanent work. Defendants carried plaintiff on their records as an employee and for his employment from June, 1966 up to the date of the accident, issued him a W–2 record of wages and tax withheld form for such employment. Defendants hired plaintiff to do odd jobs which consisted of helping with branding, driving the pickup truck, working some on horseback, helping other employees handle cattle, and to do just whatever had to be done.

As of July 18, 1966, the date of the accident, defendants had not terminated plaintiff's employment and plaintiff worked and stayed at the home ranch with defendants. At the time of the accident on Monday, July 18, 1966, the defendants were not at the ranch. Regularly every summer a portion of the access road running between the main road and the ranch house on ranch property washes out. Defendants kept a tractor at the main ranch house and they had this tractor for perhaps eight to ten years before the accident. When the road washed out in prior years, repair of the road was commonly done with this tractor. The washout in the summer of 1966 was to the south of the main house, about less than a quarter of a mile away, and could be seen from the main house and was on ranch property. In past years, the washouts were repaired by ranch hands.

Prior to plaintiff's injury, both plaintiff and defendants recognized that a conversation could have taken place between defendant Frank Greenough and plaintiff about re-

pairing the washout with the tractor. The defendants planned to rebuild the washout but they had not gotten around to it yet. The tractor was available for various jobs, just whatever it had to be used for and it was normally stored at the main ranch. It was available for use at the home ranch for anyone that had need for its use. It required a key to start the tractor and the key was kept in the tractor.

Defendant Frank Greenough testified that it was dangerous to operate the tractor with the front scoop loaded and in the up position, as it made it top heavy and it would tend to make the tractor fall over. Prior to the accident on July 18, plaintiff had no experience operating a tractor with a lift and defendants knew that plaintiff did not know how to operate the tractor and had no experience in operating the tractor, and that it was dangerous for plaintiff to operate the tractor. Neither defendants nor their sons had ever told plaintiff not to use the tractor and had never instructed plaintiff in the use of the tractor. Defendant Frank Greenough testified, at the trial, that the tractor was available for everyone who had need to use it at the home ranch and that they had a right to use it. Employees of defendant Greenough did, from time to time, what was necessary around the ranch and Mr. Greenough looked forward to this in an employee. On at least one occasion, plaintiff had, without directions from defendant, gotten a bull that had broken out of a fenced-in pasture back into the pasture and repaired the fence, and so informed Mr. Greenough.

Defendant Greenough knew plaintiff was a good worker and wanted to be working all the time at something. On the day of the accident, defendant Greenough was absent from the ranch and had left no instructions as to any particular work he wanted plaintiff to do on that day. Plaintiff and defendant Greenough both agree and believe that at some earlier date before the accident there was a discussion in plaintiff's and Mr. Greenough's presence about repairing the hole in the road. Plaintiff knew about the hole in the road and that it had been there for several weeks and he decided to fill the hole in the road because it was something that, it looked to him, needed doing on the ranch. To repair the hole, plaintiff had to take the tractor down the access road to the washout area.

Plaintiff was filling the tractor's scoop with dirt from the wash and bringing it up to the edge of the washout area on the road and dumping it into the hole caused by the washout. As he attempted to position the tractor to dump the dirt, he applied the brakes and it felt like one brake did not hold and the next thing he knew the tractor had tipped off the road and overturned, causing plaintiff's injuries. When the tractor toppled off the road, plaintiff was thrown down into the area of the culvert from the seat of the tractor and landed on his back on some large rocks, as a result of which he sustained injuries causing permanent damage to his spine.

Defendant Greenough knew that it was dangerous to drive and operate the tractor with the front scoop loaded and in the up position, because that made it top heavy and it would tend to make the tractor fall over. Defendant also knew that there was a downgrade on the road by the washout, and it was dangerous to approach the washout coming downhill with the scoop loaded and elevated. Under these circumstances, defendant Greenough believed that it was dangerous for plaintiff to operate the tractor, however, he had neither instructed plaintiff in the use of the tractor nor had he instructed or told plaintiff not to use the tractor. Plaintiff had no experience in driving or operating a tractor with a hydraulic front scoop. Plaintiff did not realize nor appreciate the danger connected with his operating the tractor, with the lift bucket loaded and in an up position, as he was trying to repair the washout in the road.

Appellee contends that the actions which resulted in his being injured were in the general nature of that work for which he was employed and authorized to do.

Appellee further contends that the facts in this case meet the test set forth in §§

228 and 229 of the Restatement of Agency, namely, that if the act, though not authorized, is nevertheless so similar or incidental to the conduct authorized, then it is within the scope of employment.

Where the facts are in dispute, it is for the jury to decide the issues. In Berry v. Iowa Mid-West Land and Livestock Co., 424 P.2d 409 (Wyo.1967), at 410, the court stated that:

"* * * the total evidence was such that the jury was entitled to believe * * * that Berry was engaged in the performance of work for defendant when injured."

In Gutierrez v. Valley Irrigation and Livestock Co., 68 N.M. 6, 357 P.2d 664 (1960) at 666, the court said:

"[W]e believe it was proper for the jury to determine whether the plaintiff had departed from his course of employment at the time of his injury."

The trial judge denied defendant's motion for a directed verdict and allowed the issue of scope and course of employment to go to the jury. The jury decided the issue in favor of the plaintiff.

It can be seen from the facts presented that there was sufficient evidence to support the jury's finding that the plaintiff was acting within the scope of his employment at the time of his injury.

The judgment of the trial court is presumed correct if there is reasonable evidence in the record to sustain it and the reviewing court will not substitute its discretion for that exercised by the court below. Tucson Warehouse & Transfer Co. v. Arizona Corporation Commission, 2 Ariz.App. 565, 410 P.2d 683 (1966).

The appellant has the burden of demonstrating that error was committed below and having failed to do so the Court of Appeals has no alternative but to affirm. Zuniga v. City of Tucson, 5 Ariz. App. 220, 425 P.2d 122 (1967).

Judgment affirmed.

HATHAWAY, J., and LLOYD C. HELM, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.