325 P.2d 712

**Pete BARAKOS, Plaintiff-Appellee,**

**v.**

**Steve SPONDURIS, Defendant-Appellant.**
**No. 6337.**

Supreme Court of New Mexico.
April 23, 1958.

Rehearing Denied June 4, 1958.

126

Leslie D. Ringer, Santa Fe, for appellant.

Robert E. Fox, Santa Fe, for appellee.

LUJAN, Chief Justice.

This is an action for damages for personal injuries alleged to have been sustained by the plaintiff as the result of his slipping and falling upon the floor in defendant's place of business while he was a customer therein.

Plaintiff alleges that he slipped and fell by reason of the defendant's negligence in maintaining a dangerous condition on his premises in that the lighting was inadequate, the concrete steps and floor leading to the rest room were slippery and slimy by reason of improper use, treatment or cleaning, a handrail or similar safety device was not maintained and signs warning of the dangerous condition were not maintained.

The trial of the case resulted in a verdict in favor of the plaintiff in the amount of $5,000. Defendant by his motions for a directed verdict at the close of the plaintiff's case, at the close of the entire case, and thereafter for a judgment *non obstante veredicto,* challenges the sufficiency of the evidence to sustain the verdict.

■ We have read the record carefully, keeping in mind that we must examine the evidence and reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. Archuleta v. Jacobs, 43 N.M. 425, 94 P.2d 706. We cannot weigh conflicting evidence. When we find substantial evidence of defendant's negligence to support a verdict, and,

in addition, find substantial evidence to support the jury's finding that plaintiff was not contributorily negligent, our inquiry must cease. Snodgrass v. Turner Tourist Hotels, 45 N.M. 50, 109 P.2d 775.

■ Upon the evidence adduced, read in the light of the above rules, we are constrained to the view that the plaintiff made out a case for the jury.

Witness Gallanos testified that she was employed as a waitress for the defendant up to within approximately a week prior to the plaintiff's fall, which occurred on July 17, 1956, and that she returned to work for the defendant sometime in the month of July, 1956, subsequent to the fall and worked for at least two days. Witness Gallanos further testified that her employment required her to go to work at 5 o'clock a. m. in order to open defendant's place of business at 6 o'clock a. m. The most important portion of witness Gallanos' testimony went as follows:

"Early in the morning I used to find it awful messy. I guess they were in a hurry, the ones working at night, and still (spilled) the garbage all around, so I used to take the broom and dust pan and clean it myself because I was afraid somebody might get hurt there because it was very easy for employees or anybody to get hurt.

"Q. Would this sort of thing happen once a month or once a week or once every day?

"A. Everyday.

"Q. It was the usual situation, then?

"A. Yes."

Referring to the period after the plaintiff's fall, witness Gallanos testified as follows:

"Q. On those occasions did you have an opportunity to observe the situation in regard to garbage?

"A. Yes, it was always the same, the same like always."

The defendant himself testified by deposition that the garbage can in the vicinity of the rest room was used for wet or food garbage as distinguished from dry garbage. He also testified that the same routine was employed as to cleaning and transferring the wet garbage in the rest room area at all times in question—both before and after plaintiff's fall. There was testimony by witness Ortiz that a water leak existed in the general area of the fall on the night that the fall occurred.

In the light of the above evidence, plaintiff's testimony that he "slipped on something", and that "it was grease or water—I don't know" assumes material significance.

If, as testified by witness Gallanos, a messy condition was a continuing occurrence, an inference could reasonably be drawn that the floor was wet and messy in the rest room area at the time of plaintiff's fall and constituted a dangerous condition.

The mere presence of a slick or slippery spot on a floor does not in and of itself establish negligence, for this condition may arise temporarily in any place of business. Kitts v. Shop Rite Foods, Inc., N.M., 323 P.2d 282. However, this case is clearly distinguishable from a situation where a fall is caused by a momentary slick or slippery condition of which a proprietor has no notice and thus no opportunity to remove or guard against it. If, as testified by witness Gallanos, the messy condition in the rest room area was a continuing occurrence—in effect a pattern of conduct—then an inference could reasonably be drawn that the defendant had, or should have had, knowledge of this condition. This is especially true since the defendant personally supervised the operation of the restaurant and had passed through the area where plaintiff fell only moments prior to such fall.

It should be noted that the inference as to defendant's knowledge is not based on the inference of a wet and messy, and therefore dangerous, condition. We have here two separate inferences arising partially out of the same testimony.

Defendant contends that this case comes within the rule laid down in Medler v.

Henry, 44 N.M. 275, 101 P.2d 398 relative to arbitrarily disregarding the testimony of witnesses. It should first be noted that the Medler case rule deals solely with *uncontradicted testimony*. Certain of the testimony of defendant's witnesses was contradicted. In addition, the rule as to *uncontradicted testimony* as set forth in the Medler case contains certain important limitations. At pages 283 and 284 of 44 N.M., at page 403 of 101 P.2d this court stated as follows:

"From the New Mexico cases discussed, we believe the rule in this jurisdiction to be that the testimony of a witness, whether interested or disinterested, cannot arbitrarily be disregarded by the trier of the facts; but it cannot be said that the trier of facts has acted arbitrarily in disregarding such testimony, although not directly contradicted, whenever any of the following matters appear from the record:

"(a) That the witness is impeached by direct evidence of his lack of veracity or of his bad moral character, or by some other legal method of impeachment.

"(b) That the testimony is equivocal or contains inherent improbabilities.

"(c) That there are suspicious circumstances surrounding the transaction testified to.

"(d) That legitimate inferences may be drawn from the facts and circumstances of the case that contradict or cast reasonable doubt upon the truth or accuracy of the oral testimony."

Certain of the testimony by defendant's witnesses was equivocal. From other portions of such testimony, legitimate inferences might be drawn that cast reasonable doubt upon the accuracy of the oral testimony.

Defendant takes the position that there was no substantial evidence from which the jury could have found that insufficiency of lighting or lack of handrails or warning signs was the proximate cause of plaintiff's fall. We are unable to agree with this contention. The evidence as to improper lighting is conflicting. It is uncontroverted that there were no handrails or warning signs. It could reasonably be found that adequate lighting or the installation of handrails or warning signs could have prevented the plaintiff's fall and injury. Where reasonable minds might differ on the question of proximate cause, the issue is for the jury. Rivera v. Ancient City Oil Corporation, 61 N.M. 473, 302 P.2d 953.

It is further insisted that even if a finding of negligence was justified, the evidence showed contributory negligence on the part of the plaintiff. A customer in a store may assume that the floor is reasonably safe to walk upon and such customer will not be charged with contributory neg-

ligence as a matter of law simply because he falls. In this case the plaintiff had been to the rest room in question only once or twice prior to his trip to the rest room the night of the injury.

The facts in this case are entirely unlike those in the case of Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583. The plaintiff here did not walk blindly, heedless of an obvious danger. The dangerous condition was not sufficiently challenging to insure that the attention of the plaintiff would be attracted. It is only when the facts in a given case are not susceptible to an inference of contributory negligence or are not susceptible to an inference of no contributory negligence that the question becomes one of law for the court. See Crespin v. Albuquerque Gas & Electric Co., 39 N.M. 473, 50 P.2d 259. When reasonable men may fairly differ on whether there is contributory negligence, a determination of the question is for the jury. McMullen v. Ursuline Order of Sisters, 56 N.M. 570, 246 P.2d 1052. In the case at hand the issue of contributory negligence was properly for the jury and it resolved the issue in plaintiff's favor.

Nor can the plaintiff be charged with assumption of risk as defendant urges. For the plaintiff to be barred under this doctrine it must be shown that he had knowledge of the dangerous condition which he was to encounter. Snodgrass v. Turner Tourist Hotels, 45 N.M. 50, 109 P.2d 775. Such was not shown in this case.

Defendant contends that the court erred in refusing defendant's requested instruction No. 6, in which the court was asked to charge the jury that in the absence of a dangerous condition requiring them, the maintenance of handrails or warning signs was unnecessary. Defendant argues that such refusal may have led the jury to believe that the presence of any condition alleged in the complaint, one of which was lack of handrails and another the absence of warning signs, constitutes negligence per se. Instructions are to be considered as a whole and if the law is fairly presented by the whole, that is sufficient. Snodgrass v. Turner Tourist Hotels, 45 N.M. 50, 109 P.2d 775. We feel that the trial court fairly presented the law in its instructions.

Instruction No. 13 was as follows:

"You are instructed that in order to prove negligence on the part of the defendant, the plaintiff, Pete Barakos, is not required to prove every allegation of negligence stated in his complaint. *It is sufficient if he has proved to your satisfaction by the evidence, any act or omission on the part of the defendant as alleged by plaintiff, which constitutes negligence as heretofore explained to you,* and which neligence has proximately contributed to the accident

131

under the circumstances." (Emphasis added.)

In instruction No. 7 the court had correctly stated to the jury what constitutes negligence. A portion of instruction No. 14 was as follows:

"The jury are further instructed that in a case such as this, in order to warrant the plaintiff recovering damages from the defendant, it is necessary that the plaintiff established by a preponderance of the evidence some specific act of negligence on the part of the defendant or the existence of a condition or conditions so obviously dangerous as to amount to evidence from which an inference of negligence on the part of the defendant would arise."

Instruction No. 12, paragraph 1, was as follows:

"You are instructed that the burden was rested on plaintiff throughout the trial of this case, to establish to your satisfaction, by a preponderance of the evidence, the following facts:

"1. That a dangerous condition existed in the hallway at the time and place when and where plaintiff claims he slipped and fell * * *"

In view of the fact that the trial court's instructions fairly and accurately informed the jury as to the applicable law, we do not feel that the trial court committed error in refusing defendant's requested instruction No. 6.

The judgment must be affirmed.

It is so ordered.

McGHEE and COMPTON, JJ., and D. A. MACPHERSON, District Judge, concur.

SADLER, J., not participating.