380 P.2d 188

**Grace EDWARDS and D. E. Edwards, Plaintiffs-Appellees,**

v.

**Rex ROSS, d/b/a Pfaff's and Fabrics, Defendant-Appellant.**

**No. 7128.**

Supreme Court of New Mexico.

March 22, 1963.

W. C. Whatley, R. E. Riordan, Las Cruces, for appellant.

Edward E. Triviz, John Lenko, Las Cruces, for appellees.

COMPTON, Chief Justice.

This is an action for damages for personal injuries sustained by Grace Edwards as the result of slipping and falling in appellant's store. Her husband, D. E. Edwards, sought recovery of medical, surgical and hospital expenses, and damages for loss of consortium, as the result of her injuries.

The complaint alleges appellant was negligent in the maintenance of the asphalt floor in question by failing to remove an accumulation of old wax thereby allowing it to become unreasonably slippery and, therefore, unsafe, contrary to his duty to invitees. The answer denied negligence and alleged contributory negligence and assumption of risk. This appeal is from the judgment of the court pursuant to a jury ver-

dict awarding Grace Edwards the sum of $2,000 and D. E. Edwards the sum of $1,500.

As grounds for reversal, appellant contends there is no substantial evidence to support the verdict of the jury and that the court erred in denying appellant's motions for a directed verdict made when appellees rested, and renewed at the close of the case.

■■ We have consistently adhered to the rule that a verdict should only be directed where there is no fact for the jury to pass upon or where the court, in the exercise of its sound discretion, would be required to set aside a verdict if favorable to one side rather than to the other. Landers v. Atchison, Topeka & Santa Fe Railway Co., 68 N.M. 130, 359 P.2d 522; Ortega et al. v. Texas-New Mexico Railway Company, 70 N.M. 58, 370 P.2d 201. Consequently, in ruling on such motion, the first question to be resolved is whether the plaintiff has made out a prima facie case of negligence and in determining this issue, all evidence and all reasonable inferences arising therefrom which tend to prove the plaintiff's case of primary negligence must be accepted as true. Button v. Metz, 66 N.M. 485, 349 P.2d 1047; Romero v. Shelton, 70 N.M. 425, 374 P.2d 301.

Appellee, Grace Edwards, testified that on the morning of September 11, 1959, she entered appellant's place of business, the first customer of the day, to make some purchases; that after proceeding 3 or 4 feet into the store she began to slip, was unable to keep her balance and finally fell when about 8 or 10 feet inside the store; that while attempting to get up she noticed the floor where she had fallen was discolored, yellowish and slick, and felt damp to her touch. She got up unassisted, made her purchases and went outside where her daughter was waiting in a car. She was taken to the doctor's office and from there to the hospital where her left foot was X-rayed and diagnosed as having a comminuted fracture through the proximal joint at the end of the fifth metatarsal. The foot was taped and later put in a cast. After removal of the cast, internal derangement of the knee joint was discovered requiring surgery for removal of a torn semilunar cartilage. Thereafter the knee joint functioned properly but some arthritis was apparent. There was a medical opinion of a ten to fifteen percent loss of use of the knee with little or no chance of improvement.

While there is no dispute over the type or character of the injury suffered by appellee, Grace Edwards, there is a conflict in the evidence regarding the actual occurrence of a slip and fall in appellant's store, as well as that concerning the treatment and condition of the floor. Appellees introduced evidence tending to prove that appellant, with the part-time help of high school students, had improperly maintained the

floor over a considerable period of time. Appellant contends, however, that the testimony of a janitorial expert and members of his crew to the effect that they had worked on the floor for 5 or 6 hours the night preceding the accident, stripping, cleaning and waxing with a nonskid wax, and that the floor had been left in a good, clean and safe condition, resolves any conflict over the condition of the floor at the time of the alleged accident. But these witnesses also testified as to the poor condition of the floor when they began their cleaning operation and as to the presence of discolored, yellowish, slippery spots. This evidence, under these circumstances, tended strongly to prove that such an accumulation of old wax as was present could not have been entirely removed in one cleaning operation. And, there was testimony that such cleaning as was done the night before could have stirred up the old wax and caused some of the slippery spots to become slicker than before.

The general rule appears to be that the proprietor of a store may not escape liability by delegating his responsibility to others. Bradley v. Burdick Hotel, 306 Mich. 600, 11 N.W.2d 257; Devine v. Kruger Grocery & Baking Co., 349 Mo. 621, 162 S.W.2d 813; Lilienthal v. Hastings Clothing Co., 131 Cal.App.2d 343, 280 P.2d 824; Brown v. Holzwasser, Inc., 108 Cal. App. 483, 291 P. 661.

In support of his position that the court erred in denying the motions for directed verdict, appellant relies on Kitts v. Shop Rite Foods, Inc., 64 N.M. 24, 323 P.2d 282, wherein plaintiff sought damages for injuries sustained from a slip and fall, and in which the granting of a directed verdict was upheld. Viewing the evidence here in the light of the established rules set forth above, we find the case before us easily distinguishable. In the Kitts case there was a total lack of evidence as to how or by whom the slippery spot was created or to show that defendant was negligent in the maintenance of the floor. An examination of the voluminous record in this case shows no such lack of evidence. The cases of Barrans v. Hogan, 62 N.M. 79, 304 P.2d 880, 61 A.L.R.2d 1 and De Baca v. Kahn, 49 N.M. 225, 161 P.2d 630, cited by the appellant, do not lend support to his position. Both involved a slip and fall upon a foreign substance on the floor without proof either of negligence in maintaining the floor or notice of the presence of the foreign substance. See also the recent case of Eldorado Club, Inc. v. Graff, Nev., 377 P.2d 174.

Thus, the factual issues as to whether appellant was negligent, whether that negligence, if any, was the proximate cause of the injury sustained, as well as the question of contributory negligence were for the

jury. We conclude that appellant's motions for a directed verdict were properly denied.

What we have said concerning the evidence disposes of the appellant's contention that the verdict of the jury is not supported by substantial evidence.

The judgment should be affirmed. It is so ordered.

NOBLE, J., concurs.

CARMODY, J., specially concurs in the result only.