382 P.2d 181

**Margaret Armijo JIMENEZ, Plaintiff-Appellant,**

**v.**

**SHOP RITE FOODS, INC., d/b/a Piggly Wiggly Stores, Defendant-Appellee.**

**No. 7216.**

Supreme Court of New Mexico.

May 27, 1963.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellant.

Shaffer & Butt, Albuquerque, for appellee.

MOISE, Justice.

Plaintiff-appellant sought damages because of injuries suffered by her when she

fell in the produce department of one of defendant's stores as a result of slipping on a grape which was on the floor.

Trial of the case before a jury resulted in a verdict for plaintiff. Judgment was entered thereon. Defendant moved for judgment notwithstanding the verdict, or in the alternative, for a new trial. The motion for judgment notwithstanding the verdict was sustained. In the order granting judgment n. o. v. the court found "that the court erroneously admitted testimony into evidence of a prior fall at defendant's store; that under any circumstances there was insufficient evidence of defendant's negligence to raise a question of fact for the jury * * *."

It is only necessary for us to consider whether the proof presented was sufficient to raise an issue of fact as to defendant's negligence. In so doing, we are bound to view the evidence in its best light to support the verdict of the jury in favor of plaintiff. Ortega v. Texas-New Mexico Ry. Co., 70 N.M. 58, 370 P.2d 201; Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373.

Briefly stated, the pertinent evidence established that produce was displayed in racks about four feet high in such a manner that it is impossible to prevent some from occasionally falling to the floor. Defendant knew that when customers handled the produce some of it, such as trimmings from lettuce, would fall on the floor. In order to prevent accidents that might be caused by material which fell to the floor maintenance personnel were employed, whose duty it was to keep the floor clean. The floor had been swept about a half hour before plaintiff fell and, in addition, within five minutes of her fall an employee in the produce department passed through, picking up "trimmings" which had fallen to the floor.

Under the circumstances, even assuming without deciding that evidence of the fall, four and one-half months previously, was admissible, we agree with the trial court "that under any circumstances there was insufficient evidence of defendant's negligence." We consider this to be a clearer case of failure of proof of negligence than Barrans v. Hogan, 62 N.M. 79, 304 P.2d 880. That case supports the trial court's conclusion and requires its affirmance.

We would add a word about Mahoney v. J. C. Penney Co., 71 N.M. 244, 377 P.2d 663. We there concluded that under the facts of that case a question of fact for the jury was presented on the issue of defendant's negligence. However, we particularly noted that no change in the principles of law previously enunciated in slip and fall cases was intended, referring to several, including the Barrans case. We also stated that each case must be considered on its facts, and pointed out specifically that it was not intended thereby to

establish a' rule requiring a storekeeper to "follow each customer about his store, dustpan in hand, to gather up debris." To conclude that in the instant case the trial court had erred would certainly amount to a holding in effect that this is exactly what is required.

It is not necessary for us to consider or discuss the errors complained about in connection with the granting of a new trial. The court did not err in granting defendant judgment n. o. v., and its order so doing should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.