384 P.2d 470

Elizabeth J. LEWIS, Plaintiff-Appellee,

v.

BARBER'S SUPER MARKETS, INC., a New Mexico Corporation, Defendant-Appellant.

No. 7231.

Supreme Court of New Mexico.

June 24, 1963.

Rehearing Denied Aug. 19, 1963.

Modrall, Seymour, Sperling, Roehl & Harris, Leland A. Sedberry, Jr., Albuquerque, for appellant.

Oliver B. Cohen, Albuquerque, for appellee.

MOISE, Justice.

The plaintiff was injured when she fell while shopping in the produce department of one of defendant's stores. Upon trial to a jury plaintiff was awarded $10,000.00 damages, and defendant appeals from the judgment.

Four points were assigned for reversal, only three of which are here relied upon. Appellant in his first point claims error because of the trial court's failure to sustain defendant's motion for a directed verdict made at the close of the plaintiff's case, and again at the close of all the evidence. This essentially raises a question of whether sufficient substantial evidence was presented by plaintiff which when considered with all reasonable inferences flowing therefrom presented a prima facie case of negligence.

Although so often stated by us as to hardly merit repetition, we nevertheless reassert that the question as to what constitutes due care in any given situation is, generally speaking, a question of fact for the jury. Mahoney v. J. C. Penney Co., 71 N.M. 244, 377 P.2d 663. We recognize, as equally of uniform acceptance, the rule that where the jury has considered the case and has in effect found negligence, this court in its review must consider the evidence in a light most favorable to support the verdict, and should not reverse unless convinced that there is neither evidence nor

inference therefrom which will support the verdict. Padilla v. Winsor, 67 N.M. 267, 354 P.2d 740. One other rule of equal importance and universal acceptance which we note is that where, on evidence free from conflict, reasonable minds cannot differ upon the question of whether a defendant was negligent or whether such negligence contributed proximately to plaintiff's injury, the question is one of law to be determined by the court. Caldwell v. Johnsen, 63 N.M. 179, 315 P.2d 524.

■ With these rules in mind, we set forth the facts as proved. Plaintiff, while shopping in the produce department of one of defendant's stores, slipped and her knee hit the floor. She kept herself from falling to the floor by catching on to a counter with both hands. After the incident plaintiff looked down at the place where she had slipped and saw something mashed on the floor. She thought it was a green bean. Another witness testified that she saw something green on the floor and thought it was an avocado or something soft.

No additional proof was offered as to the facts surrounding the fall. However, plaintiff proved over defendant's objection that two ladies who shopped regularly in the store had seen vegetables on the floor of the store on previous occasions. One of the witnesses had shopped in the store three to five times a week during the two years the store had been open and had observed vegetables on at least four or five occasions. The second witness had shopped in the store twice a week or oftener since it opened. She had noticed apples, two ears of corn, potatoes and string beans on the floor around the vegetable counters and had on several occasions mentioned the condition of the floor to a manager of the store asking why the store, being new, wasn't kept cleaner. Defendant also calls attention to a statement of an employee of defendant to the effect that debris lying on the floor is something that is seen all of the time.

Concerning the practices of the defendant, it appears a manager and assistant were present in the produce department except during rush hours when they helped in other parts of the store. The produce area was swept and mopped every morning, and was swept a minimum of four times a day and as often as five to ten times on busy days. Also, all employees were instructed to pick up any produce that fell on the floor, and did so.

Based on the foregoing facts, does the case fall within the rule of Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712, and Mahoney v. J. C. Penney Co., supra, or is it controlled by Barrans v. Hogan, 62 N.M. 79, 304 P.2d 880, 61 A.L.R.2d 1, and Jimenez v. Shop Rite Foods, Inc., N.M., 382 P.2d 181?

Stated differently, the problem presented is whether in the light of the proof as out-

lined above, reasonable minds can differ on the question of defendant's negligence, indulging every reasonable presumption in favor of the verdict.

The distinction we note between the two lines of cases referred to above is simply that in one the proof established as a fact or permitted a reasonable inference that the "messy condition * * * was a continuing occurrence—in effect a pattern of conduct * * *" whereas, in the other, no such proof was present or inference permissible. Plaintiff asserts with conviction that she has established a continuing "messy condition" which clearly gives substantial support to the jury's verdict.

We cannot agree with her appraisal of the facts. True, the falling of vegetables to the floor was a daily occurrence. Indeed, it happened several times each day necessitating the sweeping at least four times, or as often as eight or ten times, and continual picking up. However, such facts in no way suggest a situation of the type present in Barakos v. Sponduris, supra, where garbage was carelessly dumped on the floor in an unlighted passageway leading to the rest rooms provided for customers, and was allowed to remain without being cleaned up. Also, the facts differ substantially from the situation present in Mahoney v. J. C. Penney Co., supra, where gum and sticky materials were known to fall on the floors and stairs continually, but no effort was made more than once a day to clear the same for

the protection of customers. We there held that a jury question was presented as to whether defendant was negligent.

Under the facts in the instant case, it appears that although it was in the nature of the operation that produce would fall to the floor, a continual program of cleaning was in progress to remove such material from the floor. There was no proof to the contrary. It is not necessary for us to decide if the evidence of produce on the floor on previous occasions was properly admitted and considered. In the view we take of the facts, that evidence did not purport to show that proper cleaning practices were not followed, and it was not sufficient to show a "pattern of conduct."

This case comes clearly within the rule of Barrans v. Hogan, supra, where we find the following: "To say that the defendant did have knowledge that particles of food might fall on the floor at any time, is not sufficient to charge him with negligence as the cause of plaintiff's misfortune." Similarly, here, the fact that produce might and did regularly fall on the floor is not sufficient to establish actionable negligence. While this is not as clear a case of failure of proof of negligence as Jimenez v. Shop Rite, Inc., supra, we are satisfied that the rule there applied is applicable here.

It is not necessary for us to consider or discuss defendant's final point claiming error in the instructions.

**406**

It follows from what has been said that the court erred in permitting the case to go to the jury. The judgment is reversed and the cause remanded with instructions to set aside the judgment and enter judgment for defendant.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.