448 P.2d 795

Rose SIMON and Dave Simon, Plaintiffs-
Appellants,

v.

Dell AKIN, d/b/a Dell's Restaurant,
Defendant-Appellee.

No. 8483.

Supreme Court of New Mexico.

Dec. 16, 1968.

Rehearing Denied Jan. 10, 1969.

**690**

Sutin & Jones, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellee.

## OPINION

CHAVEZ, Chief Justice.

Appellants Rose and Dave Simon brought an action against appellee Dell Akin, d/b/a Dell's Restaurant, to recover damages for personal injuries sustained by Rose Simon in a fall in Dell's Restaurant. Upon appellee's motion at the close of appellants' case, the trial court directed a verdict for appellee and the Simons appeal.

In their complaint, appellants alleged that Mrs. Simon, while a business invitee in appellee's restaurant, when trying to sit down in one of the chairs having chrome legs, on a slippery stone floor, that the chair slipped from under her, causing her to fall to the floor; that the combination of chrome legs on the chair and a slippery stone floor created a negligent and dangerous condition on the premises; that the chair and the floor were under the exclusive control and management of the defendant; and that the fall and the injuries resulting therefrom would not have occurred but for the negligent and dangerous condition thereof. Appellee answered in denial and asserted contributory negligence, assumption of risk and unavoidable accident.

Appealing from the directed verdict, appellants contend that the evidence presented by appellants raised a question of fact as to appellee's negligence and that it was, therefore, error to direct a verdict for appellee. Appellants argue in this regard (1) that there was sufficient evidence to support a reasonable inference of negligence; and (2) that the doctrine of res ipsa loquitur was applicable.

In considering a motion for a directed verdict in favor of a defendant at the close of plaintiff's case, the rule is that:

"The court, in considering the motion for directed verdict, must look at the evidence in the light most favorable to the party resisting the motion, indulging every inference in support of the party moved against and ignoring conflicts in the evidence unfavorable to him. If reasonable minds may differ as to the conclusion to be reached under the evidence or the permissible inferences, the question is for the jury. * * *"

Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967); Jones v. New Mexico School of Mines, 75 N.M. 326, 404 P.2d 289 (1965); Gibson v. Helms, 72 N.M. 152, 381 P.2d 429 (1963); Edwards v. Ross, 72 N.M. 38, 380 P.2d 188 (1963).

In reviewing the evidence in the light of the above stated rule, a question concerning the admissibility of certain evidence will be resolved.

At the trial, appellants called appellee as an adverse witness and, on direct examination, gained appellee's testimony that appellee was the defendant in the case; that he was in the restaurant business in Tucumcari at the time of the accident in question; that the name of his restaurant was Dell's Restaurant; that he was not present at the restaurant at the time Mrs. Simon said she was injured; that he was the sole owner and operator of the restaurant premises; and that he owned all of the furnishings in the restaurant. On cross-examination, appellee testified, before any objections were raised, that the restaurant floor was made of Arizona flagstones about 1½" thick, laid on concrete, with the cracks in between the stones filled with concrete and smoothed with a troweling machine; that it was not a slick or rough floor; that the floor was not waxed; that

the floor was cleaned with bleach and disinfectant in water; and that the floor was not as smooth as a linoleum floor but gave a better grip. During cross-examination of appellee, when he was asked to identify certain photographs (appellee's exhibits) of the restaurant floor and chairs, appellants' counsel objected that the line of questioning concerning the condition of the premises and of the floor went far beyond the scope of direct examination. Appellee's counsel stated, "I do not want Mr. Akin to testify twice. That will probably be part of the defendant's case." Appellants' counsel then asserted that it formed no part of plaintiffs' case. Despite these objections, the trial court allowed further testimony concerning the photographs, and further testimony as to the restaurant floor, the restaurant chairs and the circumstances surrounding the accident. Except for the admission of the photographs, which admission was allowed without objection from appellants, this was error. We need go no further here than to state that this matter went beyond the subject-matter of direct examination and is contrary to the express language of Rule of Civil Procedure 43(b) (§ 21–1–1(43) (b), N.M.S.A. 1953 Comp.), which states that a party called as an adverse witness may be cross-examined by the adverse party " * * * only upon the subject-matter of his examination in chief." Moran v. Pittsburgh-Des Moines Steel Co., 183 F.2d 467 (3d Cir. 1950); Kincade v. Mikles, 144 F.2d 784 (8th Cir. 1944); Lindsay v. Teamsters Union, Local No. 74, 97 N.W.2d 686 (N.D.1959). For this reason, we will not consider the testimony of appellee given after appellants' objections, as part of the evidence to be looked at in determining whether or not the direction of a verdict for appellee was proper. But we will consider the photographs of the chairs and floor, since appellants stated that they had no objection when the admission of them was moved. Also, the evidence presented up to the time of the objections, in addition to the following, is to be considered. Appellants' testimony, presented by depositions, was that on the day of the accident appellants were driving from Ohio to California. They stopped at appellee's restaurant in Tucumcari, New Mexico, at noontime for lunch. They had been driving about four days on the trip. On the day of the accident, they had been driving about two or three hours and had made only one stop for gas that morning. Mrs. Simon felt fine and was not tired from driving. Upon entering the restaurant through the front entrance, Mrs. Simon proceeded to the powder room at the right in the far corner of the restaurant to wash her hands. When she came out a waitress showed her to a long table. The table at which she fell was about the third table, in the center, from the front of the restaurant. Mrs. Simon stated that, because the floor looked so shiny, she walked slowly. She did not slip or fall while walking to the table. At the table, the waitress did not help her into a chair. As Mrs. Simon began to sit down in a normal fashion, holding the chair, the chair slid "just like ice skating," backwards from her and she fell backwards to the floor. She was in the process of sitting down when the "chair jumped, slid," and she fell to the floor. The chair fell on her. She had been almost on the chair, but the chair slid. The table slid, too. The chair had chrome legs and looked like a kitchen chair. It had an ordinary plastic seat and a back support as on an ordinary kitchen chair. There were no rubber "things" or caps on the bottom of the legs. Mrs. Simon described the floor as " * * * like slab stones, you know, shiny like stones, like wax." She had never seen a floor like it before. She said the floor was not smooth, not flat, and that it looked highly waxed to her. Mr. Simon said the floor looked very polished. Mrs. Simon was 5'5" tall and weighed about 170 pounds.

■ Looking at the evidence as required by the Rule, upon a motion for a directed verdict, we are convinced that a prima facie case was made by appellants and that, therefore, it was error to grant the

motion for a directed verdict. The rule denoting the duty of possessors of land, which is applicable here, when the evidence is viewed as it must be on a motion for a directed verdict, is found in Restatement of the Law, Torts, 2d, § 343 (1965), stated to be the rule in New Mexico in Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966), as follows:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

It is clear that, considering the testimony as to the appearance of the stone floor, the description of the chair legs and the way in which the chair acted when Mrs. Simon began to sit in it, it is a reasonable inference that the floor was uneven and slippery and that the combination of the condition of the floor and the bare metal chair legs constituted a dangerous condition on the restaurant premises. This conclusion is arrived at not on the basis of other inferences or mere guesswork, but by a process of reasoning from the facts established in evidence. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967); Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940).

Under the evidence as we must view it, appellee cannot take advantage of the rule that the use of a standard device in common use is evidence that an ordinarily prudent person would not deem it dangerous, Shorkey v. Great Atlantic & Pacific Tea Co., 259 Mich. 450, 243 N.W. 257 (1932); See Annot., 100 A.L.R.

710 at 715 (1936); Annot., 33 A.L.R. 181 at 188 (1924); Annot., 58 A.L.R. 136 at 138 (1929); compare Seal v. Safeway Stores, 48 N.M. 200, 147 P.2d 359 (1944), because we cannot infer that a chair with bare metal legs on a slippery, uneven floor is a commonly used standard device. But even if it were, we note that this fact would not be an absolute defense. Shorkey v. Great Atlantic & Pacific Tea Co., supra. Further, it is reasonable to infer that this was a condition which appellee either knew of, or which he would have discovered by the exercise of reasonable care, and that he should have realized it involved an unreasonable risk. It is true, as appellee contends, that the care required of appellee was not such as to make appellee the guarantor of the safety of appellants. Barrans v. Hogan, 62 N.M. 79, 304 P.2d 880, 61 A.L.R.2d 1 (1956); De Baca v. Kahn, 49 N.M. 225, 161 P.2d 630 (1945). However, we believe that negligence could properly be inferred under the evidence here without making appellee an insurer. What constitutes due care by the possessor of business premises is determined by the circumstances and conditions surrounding the transaction under consideration. De Baca v. Kahn, supra. Appellee relies upon various New Mexico "slip and fall" cases, e. g., Kitts v. Shop Rite Foods, Inc., 64 N.M. 24, 323 P.2d 282 (1958); Barrans v. Hogan, supra; De Baca v. Kahn, supra. However those cases are not in point under the facts in the instant case, because they involved either local and temporary dangerous floor conditions which a proprietor could not be expected to know, Kitts v. Shop Rite Foods, supra; De Baca v. Kahn, supra, or conditions which the invitee had as good a chance of knowing as did the possessor. See Barrans v. Hogan, supra. We have considered the other cases cited by appellee and find them inapplicable. We assume that the appliance supplied to Mrs. Simon in the instant case was not a "temporary condition" and, from the testimony presented, that the uneven, slip-

pery floor area was neither temporary nor localized at the point of Mrs. Simon's fall. Thus, the jury could have inferred that appellee would have known of the dangerous condition and should have realized the unreasonable risk, had he exercised reasonable care in conducting the restaurant business on the premises. Compare Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712 (1958); De Baca v. Kahn, supra; Nalee, Inc. v. Jacobs, 228 Md. 525, 180 A.2d 677 (1962); Heth v. Dell Webb's Highway Inn, 102 Ariz. 330, 429 P.2d 442 (1967); Keenan v. E. M. Loew's, Inc., 302 Mass. 309, 19 N.E.2d 37 (1939). The jury could consider that this was not the kind of dangerous condition which Mrs. Simon would discover for herself. It was not her duty to pick up the chair, inspect it and try it out on the type and condition of floor on which it was to be used.

Upon the evidence properly before it, the jury could have rendered a verdict for appellants; therefore, appellants were entitled to have the jury pass upon the issue.

In view of the above, it is not necessary for us to consider appellants' arguments concerning the applicability of the doctrine of res ipsa loquitur. Accordingly, the judgment is reversed and the cause is remanded to the district court, with direction to allow a new trial.

It is so ordered.

NOBLE and COMPTON, JJ., concur.

CARMODY, Justice, and SPIESS, Chief Judge, Court of Appeals (dissenting).

The majority decides there was sufficient evidence presented by the plaintiff to raise a jury question. We cannot agree. In our view, there is nothing in the record which would support a finding of negligence or any inference of negligence. The direction of the verdict by the trial judge was proper and that action should be affirmed as was done in the factually similar case of Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419 (1967).

The majority having determined otherwise, we respectfully dissent.