458 P.2d 604

**Ida Mary TENORIO, Administratrix of the Estate of Adan A. Tenorio, Deceased, Plaintiff-Appellee,**

v.

**Elmer Roy NOLEN, Defendant-Appellant.**

**No. 297.**

Court of Appeals of New Mexico.

Aug. 1, 1969.

Rehearing Denied Aug. 25, 1969.

Leslie D. Ringer, Santa Fe, for appellant.

David L. Norvell, Clovis, for appellee.

## OPINION

HENDLEY, Judge.

Defendant relies on two points for reversal (1) his motion for continuance should have been sustained, and (2) an instruction on warning by a motorist to a pedestrian was misleading. The claims are not well taken.

During depositions Frankie Barela was named as a possible witness. There were two Frankie Barelas. Defendant's counsel talked to one of them and obtained a statement concerning the accident in question. Plaintff's counsel talked to the other, who knew nothing about the accident. Subsequently, upon inquiry, plaintiff's counsel advised defendant's counsel that he would not call Frankie Barela as a witness. In preparing for trial, plaintiff's counsel learned of the Frankie Barela who witnessed the accident. Pursuant to his promise that defendant's counsel would have an

opportunity to depose witnesses prior to trial, plaintiff's counsel promptly arranged for the deposition of the Barela who witnessed the accident. This deposition was taken the afternoon before trial.

On the morning of the trial, defendant orally moved for a continuance. He claimed that Barela's deposition testimony presented a version of the accident which differed from the version given in his prior statement. He also claimed that prior to Barela's deposition the "indications" were that no one would oppose defendant's version of the accident. Barela's version differed from defendant's version. Defendant's counsel claimed he was surprised by this variance and " * * * that in view of this situation we should have the opportunity of making further investigation." The trial court denied the motion, stating:

> "It seems to me that since you knew the identity of this witness for months Mr. Ringer you would have deposed him much earlier and could have discovered this discrepancy and actually had a written statement from him. It seems to mean that you have not shown any great diligence in discovering this discrepancy earlier."

*Motion for Continuance.*

■ Granting or denying a motion for continuance rests in the discretion of the trial court and will not be interfered with except for abuse. State v. Nieto, 78 N.M. 155, 429 P.2d 353 (1967); Houston Fire and Casualty Insurance Co. v. Falls, 67 N.M. 189, 354 P.2d 127 (1960).

■ Defendant was aware that Barela was a witness. He had taken Barela's statement some months prior to the time plaintiff discovered Barela was a witness. Apparently satisfied with the statement, defendant made no effort to depose Barela during this time. Defendant now claims that he should have been granted a continuance in order to seek testimony to rebut Barela's testimony. It may be true that defendant was surprised by Barela's deposition testimony. The fact remains that defendant could have learned what that testimony would be many months before he did so. If Barela's deposition had been taken, defendant would have had ample time in which to seek rebuttal testimony. The cases relied upon by defendant—Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692 (1964); Noah v. L. B. Price Mercantile Co., 208 Mo.App. 149, 231 S.W. 300 (1921); and Giles v. Tyson, 13 S.W.2d 452 (Tex.Civ. App.1929), are not applicable to the facts of this case. Section 21–8–9, N.M.S.A. 1953 does apply. This section provides that a continuance is not to be granted for any cause growing out of the fault of the party applying therefor. The trial court did not abuse its discretion in denying the continuance.

*Jury Instructions.*

■ As a part of the jury instructions the trial court gave UJI 9.9 as its instruction number 7. It reads:

*"Pedestrians—Crossing at other than Crosswalks*

"At the time of the occurrence in question there were certain statutes in force in the State of New Mexico which provided that:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

"Every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary.

"If you find from the evidence that either the plaintiff—pedestrian, or the defendant—driver or both violated the law and failed to perform the respective duties required of each by these statutes then you are instructed that such failure constituted negligence as a matter of law upon the part of such person."

Defendant objected to this instruction unless the trial court would insert, after the third paragraph, the language "when the party has an opportunity to do so."

The third paragraph of the instruction comes from § 64–18–36, N.M.S.A. 1953 (Repl. Vol. 9, pt. 2) and is in the language of the statute. Defendant contends that it would be unreasonable to construe this language as imposing " * * * an absolute duty to warn the pedestrian, if the pedestrian needed warning. * * *" The statute does impose the duty of " * * * warning by sounding the horn if necessary. * *" This, however, is not, as defendant contends, an absolute duty. Defendant could be excused from a violation of the statute. Hayes v. Hagemeier, 75 N.M. 70, 400 P.2d 945 (1963); Jackson v. Southwestern Public Service Co., 66 N.M. 458, 349 P.2d 1029 (1960). See the committee comment to UJI 11.1.

Defendant's theory of the case was that he had no opportunity to sound his horn. There is evidence to support this theory. Defendant did not request an instruction on his theory of the case. Instead he tried to interject his theory into the court's instruction stating the statutory duty to sound the horn when necessary. Further, the words requested to be added, concern an excuse from violating the statute.

The addition of defendant's requested words would have been improper because the instruction then would not have correctly stated the duty imposed by statute. Further, the requested words were not sufficient as a theory of case instruction and were not sufficient as an instruction concerning excuse from violating a statute. See UJI 11.2.

The trial court did not err in refusing to add the words requested by defendant.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.